E. Wunderlick Granite Co.

*v.*

State of Illinois.

*Opinion filed January 19, 1921.*

Non-Liability of State—*when State not liable.* This claim is brought for damages to claimant's truck caused by a collision at a street, intersection and crossing in the city of Joliet, due to the negligence of an employee of the State. *Held,* that the State is not liable for torts, negligence and wrongdoing of its agents, servants or employees. (*Henke* v. *State,* C. C., Vol. 2, Page 11, followed.)

Edward J. Brundage, Attorney General, for State.

This action brought for the recovery of damage done to the truck of claimant in a collision, between the trucks of the respective parties, at a public crossing on the streets in the city of Joliet.

The evidence discloses that at the time of the collision, the claimant's car was being driven at the rate of eight to ten miles per hour. As it approached the street crossing, and that in accordance with the rules and traffic regulations of the city, it had the right of way over the defendant's car, at that particular time and place.

The defendant's truck was being, at the time, driven by an employee of the State, at a rate of speed of about twenty-five or thirty miles per hour, which exceeded the speed limit, fixed by the Statute and the city ordinances.

The evidence, which is uncontradicted, shows conclusively that at the time of the collision, the claimant was using ordinary and due care and proper precaution for his safety, and for the safety of others, at the time of the collision, at the intersection and crossing of two streets, and that the servant and agent, who was running at the speed above indicated, did not attempt to stop, or even to slacken his unlawfll speed, but crashed headlong into plaintiff's car or truck with great violence, damaging it to the amount of $456.05, the amount claimed in the declaration.

No evidence is furnished in behalf of the State in refutation of any of the claimant's evidence. The State demurr specially and generally to the declaration and each count therein, and cites many authorities in support of his contention, that the State of Illinois is not liable for the torts, acts of negligence or wrongdoing of any of its agents or employees, in all of which we concur, citing: *Henry Hench* v. *State,* C. C. 2, p. 11; *Arthur G. Haines* v. *State Board of Agriculture,* 184, Ill. App. 191; and many others which we may cite to sustain his contention, but we cite no others as we have so recently cited these authorities in opinions written in similar cases, and without further comment, we deem this such a case as the State ought not to pay. Therefore claim is rejected.